UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>ASHLEY ELIZABETH ZAMORA,<br><br>   Defendant. | Case No. 22-cr-0994-BAS-1<br>Case No. 23-cv-2160-BAS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 60)** |
|---|---|

Defendant Ashley Elizabeth Zamora filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, claiming she received ineffective assistance of counsel. She also requests appointment of counsel and moves for bond pending appeal. (ECF No. 60.)[1] The Government opposes. (ECF No. 69.) For the reasons stated below, the Court grants in part and denies in part the Motion.

---

[1] All Electronic Case Filing Number references are to Case No. 22-cr-0994-BAS-1.

– 1 –

## I. BACKGROUND

Defendant pled guilty pursuant to a written plea agreement in which she admitted that she did knowingly and intentionally import 15.26 kilograms of methamphetamine. (Plea Agreement, ECF No. 28.) As part of this written plea agreement, Defendant agreed that no one had made any promises to her other than those contained in the agreement and that she was pleading guilty because she was guilty and for no other reason. (*Id.* § VI.B, D.) Defendant further indicated she understood the Sentencing Guidelines were only advisory and not mandatory and that the Court may impose a sentence more severe than the guideline range. (*Id.* § VII.) Defendant agreed "the sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute," which Defendant was informed was twenty years. (*Id.* § IX.) Finally, Defendant agreed, "It is uncertain at this time what defendant's sentence will be . . . . Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**." (*Id.* § IX (emphasis in original).)

These agreements were confirmed orally at the time Defendant pled guilty. (Plea Colloquy Tr., ECF No. 74.) Specifically, the Court told Defendant twice that "regardless of any agreement you or your attorney has with the prosecutor about what your recommended or predicted sentence will be, the sentencing judge can impose a sentence up to and including the maximum penalt[y] [of 20 years in prison]." (*Id.* 7:9–14; 8:18–25.) Furthermore, Defendant confirmed that no other promises had been made to her to get her to plead guilty other than what is written in the plea agreement. (*Id.* 11:20–22, 25.)

At the time of this offense, Defendant was a 26-year-old who had completed a paralegal certificate and worked fulltime as a paralegal for two years before she left to become a student at California State University, Long Beach. (Presentence Report ("PSR") ¶¶ 96–103, ECF No. 33.) Despite the fact that she was financially supported

by her parents, Defendant committed the offense because she wanted the money to purchase a new vehicle. (*Id.* ¶ 59.)

While she was in prison, Defendant was recorded asking her mother to retain a lawyer for her because she heard of another female inmate who received a six-month sentence while other inmates were not so lucky. (PSR ¶ 31.) She reiterated to a friend that she knew of an inmate who was sentenced to six months and a year of house arrest and commented, "Bruh, that would be chillin'." (*Id.* ¶ 39.)

Defendant now claims she received ineffective assistance of counsel, alleging that her retained lawyer: (1) promised her he would get her a sentence of six months plus one year of house arrest; (2) set up a proffer that was in violation of her attorney-client privilege; (3) told her she could not file a notice of appeal because she had waived her right to do so, which was not true; and (4) failed to give her a copy of the Presentence Report before sentencing. (Mot., ECF No. 60.) Defense counsel files a statement under penalty of perjury denying all of these claims. (ECF No. 69-1.)

## II. ANALYSIS

"[A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received from counsel was ineffective." *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)). Even in a claim of ineffective assistance of counsel in a guilty plea, Defendant must meet the *Strickland* test; that is, she must show, first, "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases," and second, that she suffered actual prejudice as a result of this incompetence. *Lambert*, 393 F.3d at 979–80; *Hill*, 474 U.S. at 57–58.

"A deficient performance is one in which counsel made errors so serious that []he was not functioning as the counsel guaranteed by the Sixth Amendment." *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Review of counsel's performance is highly deferential and there

is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987). The court should not view counsel's actions through "the distorting lens of hindsight." *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) (quoting *Deutscher v. Whitley*, 884 F.2d 1152, 1159 (9th Cir. 1989)).

In order to satisfy the second "prejudice" prong in a guilty plea case, "defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pled guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

### A. Promise of a Six-Month Sentence

Defendant's claim that she was promised a six-month sentence by her attorney is belied by the record. First, her attorney denies telling her that. (ECF No. 69-1.) Second, at the time Defendant pled guilty, she confirmed that no one had made any promises to her other than those contained in the plea agreement. (Plea Agreement § VI.B; Plea Colloquy Tr. 11:20–22, 25.)

Additionally, even if Defendant had shown that her attorney had promised her a six-month sentence, she cannot demonstrate that, but for this representation, she would have insisted on going to trial. In her written plea agreement, Defendant specifically agreed that "[a]ny estimate of the probable sentence by defense counsel is not a promise and is **not binding on the court**." (Plea Agreement § IX.) She was told the ultimate sentence would be up to the sentencing judge and that she could be sentenced up to the maximum term of twenty years in custody. (*Id.*; Plea Colloquy Tr. 7:9–14, 8:18–25.) Nonetheless, Defendant agreed to go forward with her guilty plea.

### B. Setting Up the Proffer

After Defendant signed her plea agreement and entered her guilty plea, in preparation for sentencing, defense counsel scheduled a debrief between Defendant and the Government in the hope that she would qualify for a "safety valve" reduction

in her sentence under U.S.S.G. §§ 2D1.1(b)(18) and 5C1.2. (ECF No. 69-1.) Apparently, this debrief was successful. Although the Government had initially filed a Sentencing Summary Chart with no request for a safety valve departure and recommending that Defendant's guideline range be calculated as 135–168 months (ECF No. 43), the day after the proffer, the Government filed an Amended Sentencing Summary Chart requesting that a safety valve departure be granted—reducing the guideline range recommendation to 46–57 months (ECF No. 52).

Defendant fails to demonstrate how the debrief that resulted in a considerably lower sentencing recommendation from the Government was ineffective assistance of counsel. Nor does Defendant explain how a proffer conducted after she had pled guilty affected her decision to plead guilty.

### C. Filing a Notice of Appeal

Defendant claims she asked her attorney to file a Notice of Appeal, but he declined, telling her she had waived her right to appeal, which Defendant claims was not true.[2] Defense counsel represents that he explained to Defendant that he does not handle appellate work and offered to provide her with an alternative appellate attorney to handle her appeal. (ECF No. 69-1.) Nonetheless, based on *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the Government does not oppose the Court vacating and reentering the judgment in this case to allow Defendant to pursue an appeal if she still wishes to do so.

### D. Counsel Failing to Provide a Copy of the Presentence Report

"[A] defense counsel's failure to show his client the presentence report falls below the standard of reasonable competent representation." *United States v. Donn*, 661 F.2d 820, 874 (9th Cir. 1981). However, defense counsel states under penalty

---

[2] According to Defendant's plea agreement, confirmed in her plea colloquy, she did waive her right to appeal so long as she was sentenced to less than seventy-one months. (Plea Agreement § XI; Plea Colloquy Tr. 11:5–12.) She confirmed this waiver after she was sentenced. (Sentencing Tr. 9:5–7.)

of perjury that he reviewed the Presentence Report with Defendant before sentencing. (ECF No. 69-1.)

Even if this statement were not true, Defendant must still satisfy the prejudice prong of *Strickland*. Defendant fails to point to any information in the Presentence Report that she claims was materially false or even misleading. The Court cannot evaluate the prejudice prong without at least a suggestion that Defendant's alleged failure to see the report led to a failure to object to incorrect, false, or misleading information in the report.

Therefore, even if counsel did not show Defendant the Presentence Report in advance of sentencing, which Defendant fails to demonstrate, she still has not shown sufficient prejudice for the ineffective assistance claim to be successful.

## III. CONCLUSION

Defendant fails to demonstrate either deficient performance by her defense counsel or any prejudice from the alleged deficient performance. Therefore, the Court denies the Motion on all grounds except the ground based on filing a Notice of Appeal.

Because Defendant may have wanted to file an appeal but was unable to do so, the Court will vacate the original judgment and reenter it to allow Defendant to pursue an appeal if she still wishes to do so. The Court expresses no opinion on the success of such an appeal given that Defendant waived her right to appeal at the time of her guilty plea and again at sentencing. Defendant is cautioned that if she wishes to pursue an appeal, <u>she must file the notice within fourteen days of the date of this order or she will lose her right to appeal</u>.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 60.) <u>The Clerk of Court is ordered to close the civil companion case (No. 23-cv-2160-BAS)</u>.

* * *

## CERTIFICATE OF APPEALABILITY

A district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the § 2255 movant. The Court's ruling is adverse on all grounds except the one concerning a notice of appeal. "A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003)).

Defendant's § 2255 Motion does not meet this standard. Her arguments are without merit and her factual contentions are contradicted by the record before the Court. Accordingly, the Court declines to issue a certificate of appealability in this action for all those grounds denied by the Court above.

**IT IS SO ORDERED.**

**DATED:** March 5, 2024

Hon. Cynthia Bashant
United States District Judge